UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS ALBERTO ALARCON NAVA,

Plaintiff,

v.

ASCENCIO, et al.,

Defendants.

Case No. 26-cv-02177-RFL

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

Luis Alberto Alarcon Nava a state prisoner at San Quentin Rehabilitation Center, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in forma pauperis*.  The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).  The complaint is DISMISSED with leave to file an amended complaint on or before **June 17, 2026**.  Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901

1

F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    Plaintiff's Allegations

Plaintiff alleges as follows: On the morning of April 17, 2025, Defendant Investigative Services Unit (ISU) Officer Ascencio awoke Plaintiff and told him to step out of his cell while he conducted a search. (Dkt. No. 3 at 14.) Plaintiff's Americans with Disabilities Act (ADA) headphones were confiscated with other items and Plaintiff observed a trash can containing many apples that were confiscated from a cell next to Plaintiff, because they could be used to make alcohol. (*Id.*) Plaintiff told Ascencio that he needed the headphones due to his hearing disability, but he was ignored. (*Id.*) The trash can of apples was left when Defendant exited the area, so Plaintiff took them to Defendant Hernon and told him they were confiscated from a different cell. (*Id.*) Hernon became angry and told someone else to move the can of apples. (*Id.*)

Later that day, Plaintiff was told to report to a different area of the prison and was escorted by correctional officers when he saw Ascencio. (*Id.* at 15.) Ascencio gave Plaintiff a property receipt for the confiscated headphones but refused to return them even when Plaintiff told him that he needed them due to a disability. (*Id.* at 16.) Ascencio became angry and then

2

placed tight handcuffs on Plaintiff.  (*Id*.)  Plaintiff reached the destination and was placed on a medical bed, and the handcuffs were removed, but there was pain and red marks on his wrists.  (*Id*.)  He was then placed in a suicide watch cell.  (*Id*.)  An unidentified ISU official came to the cell, released Plaintiff, and told him that there would be no disciplinary report due to the wrong actions of Ascencio and Hernon.  (*Id*.)

Several weeks later Hernon issued Plaintiff a Rules Violation Report (RVR), that may have contained a redacted narrative.  (*Id*. at 17.)  Plaintiff states the RVR was issued in retaliation.  (*Id*.)  Plaintiff was found not guilty at the RVR hearing.  (*Id*. at 17; Dkt. No. 3-1 at 14.)  There was no mention of apples or attempts to make alcohol in the RVR paperwork.  (Dkt. No. 3-1 at 14.)  Later, the RVR was ordered reissued and there was a new hearing, but it contained incomplete video evidence.  (Dkt. No. 13 at 17.)

Plaintiff filed a grievance regarding the headphones, and custody staff determined an error was made with their confiscation and he was provided new ADA headphones.  (*Id*. at 4.)  Plaintiff argues that all the above allegations demonstrate an Eighth Amendment violation.  (Dkt. No. 3 at 18-23.)  He also contends that the above incidents resulted in a five-year denial of parole.  (*Id*. at 10.)

## C.    Due Process Claim

It is not clear from the Complaint whether Plaintiff intends to bring a due process claim.  That term is not used, but Plaintiff contends that his RVR hearing was deficient.  To the extent that Plaintiff is seeking to bring a due process claim, it is not adequately pled.  Analysis of a due process claim "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."  *Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally

protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id*. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

If a liberty interest exists, then a prisoner is entitled to procedural due process. The Supreme Court has established five procedural requirements. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id*. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563-71.

This claim is difficult to understand and is deficient for several reasons. First, with respect to the RVR hearing, it is not clear if Plaintiff was found guilty, and if he was guilty, what punishment was issued by prison officials. Plaintiff must address this issue and describe if he lost time credits or how the punishment presented an atypical and significant hardship. Second, assuming there was a severe punishment, Plaintiff must describe how his *Wolff* procedural due process rights were violated at the hearing. If there was a denial of parole related to these incidents, Plaintiff must provide specific details. Also, if Plaintiff wishes to bring a due process claim, he must label it as such to provide notice of the claims brought. The complaint is dismissed with leave to amend to provide more information and present a clearer description of

his claim and the supporting facts.

**D.      Eighth Amendment Claim**

The Ninth Circuit has recognized that "[o]verly tight handcuffing can constitute excessive force." *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004).  "In general, in cases where tight handcuffing was found to constitute excessive force, the plaintiff was in visible pain, repeatedly asked the defendants to remove or loosen the handcuffs, had pre-existing injuries known to the defendant, or alleged other forms of abusive conduct by defendant." *Smith v. Yarborough*, No. 04-4502, 2008 WL 4877464, at *12 (C.D. Cal. Nov. 7, 2008).

Other district courts have concluded—after reviewing the relevant Ninth Circuit case law for both Fourth and Eighth Amendment excessive force claims—that there are two theories by which a plaintiff can proceed when he claims he was handcuffed in an overly tight manner.  *See Brooks v. Ruiz*, No. 21-02010, 2024 WL 2702916, at *4-6 (C.D. Cal. Apr. 22, 2024), report and recommendation adopted by 2024 WL 2702650 (C.D. Cal. May 22, 2024) (discussing two theories upon which a plaintiff can rely to present a triable issue in Eighth Amendment excessive force claim for unduly tight handcuffing; collecting cases); *Ramorino v. County of Los Angeles*, No. 23-00090, 2024 WL 3468328, at *5-7 (C.D. Cal. May 31, 2024) (finding, in context of Fourth Amendment claim, that "[t]he Circuit's published cases on this subject, most of which are around two decades old, hazily outline two theories by which a Plaintiff can make out a claim for excessive force based on overly tight handcuffing.").  Under the first theory, a plaintiff can show his Eighth Amendment rights have been violated if the tight handcuffing results in a "demonstrable injury." *Smith v. Sergent*, No. 15-0979, 2017 WL 4284659, at *6 (E.D. Cal. Sept. 27, 2017) (collecting cases).  Under the second theory, a plaintiff can prove an excessive force claim for tight handcuffing by presenting evidence "that he complained about the handcuffs being too tight and was ignored." *Id*.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of

two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle*, 429 U.S. at 104).  In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that prison staff knew of the seriousness of those needs and chose a path that was both "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to [plaintiff's] health."  *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

With respect to the handcuffing, Plaintiff must provide more information about how tight handcuffs for a short amount of time violated the Eighth Amendment.  He should describe how long the handcuffs were on; what injuries he suffered, if any, beyond the red marks; what treatment he received for injuries, if any; what he told Defendants about the tightness of the handcuffs, if anything, and whether Defendants ignored that the handcuffs were too tight.

To the extent Plaintiff seeks to present an Eighth Amendment claim regarding the confiscation of his headphones, he must describe how the seizure of the headphones was deliberately indifferent to his serious medical needs.  The complaint is dismissed with leave to amend to provide more information.[1]

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **June 17, 2026**.  The amended complaint must include the caption and civil case number used in this order (26-2177 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The first amended complaint must also appear on this Court's form, a copy of which will be sent

---

[1] If Plaintiff seeks to present a retaliation claim for the issuance of the RVR, he must describe what protected conduct he engaged in prior to its issuance and how the RVR was in response to his protected conduct.

to him.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from any prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 15, 2026

_____

RITA F. LIN
United States District Judge